# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ABANOOB ABDEL-MALAK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:20CV1143 |
| | ) |
| PEOPLE OF THE STATE OF | ) |
| CALIFORNIA, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION, RECOMMENDATION, AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the undersigned United States Magistrate Judge for review of an application to proceed in forma pauperis (Docket Entry 2) (the "IFP Motion") and a motion entitled "Application for Three Judge Court and Review by Chief Judge" (Docket Entry 6) (the "Application"). (Docket Entry dated Dec. 18, 2020.) For the reasons that follow, the Court (1) will grant the IFP Motion for the sole purpose of entering this Order and Recommendation and (2) should issue a summary remand and deny as moot the Application.

## BACKGROUND

Abanoob Abdel-Malak ("Abdel-Malak") initiated this action by filing a document (Docket Entry 1), labeled as a "Petition for Removal" (the "Petition"), which purports to seek removal to this Court of state criminal case number M268212DV, pending against Abdel-Malak in the Superior Court of California, in San Diego

County, California (see id. at 1).  According to the Petition, on July 1, 2019, California law enforcement authorities arrested Abdel-Malak while he attempted to file a document at the "Superior Court of California [f]or the County of Riverside[,] Family Law Division."  (Id. at 21.)  The Petition relates that unidentified "deputies" refused to allow Abdel-Malak to call a lawyer and then transported him to "the Riverside Detention Jail Facility" where unidentified "officers beat [him] up" and denied him food and water.  (Id. at 22.)  Additionally, the Petition asserts that officers "attempted to make [Abdel-Malak] take a medical test," questioned him about whether he used methamphetamine, and "attempted to place methamphetamine on [his] clothes."  (Id. at 22–23.)

The Petition further explains that, during this period of detention, Abdel-Malak learned of the charges against him (trespassing and contempt of court).  (Id. at 23.)  Next, the Petition mentions both Abdel-Malak's $50,000 bond and his eventual release to the hospital for chest pain.  (Id.)  According to the Petition, Abdel-Malak remained released the following day, as he drove to an FBI office to try to report his allegedly unlawful arrest.  (Id.)  The Petition then states that Abdel-Malak left California by plane a few days later, as a result of "the ongoing harassment and [his] fear of [the] Riverside County Sheriff."

2

(Id.)  Abdel-Malak presently resides in North Carolina.  (See Docket Entry 1-4 (mailing envelope displaying return address).)

In addition, the Petition complains of "ongoing hate crimes and civil rights violations" (Docket Entry 1 at 24) and other wrongdoing by government officials (see id. at 2, 5-6, 13-14, 24-27, 41-43, 45-47).  In relevant part, the Petition asserts that "[Abdel-Malak] was targeted and denied his civil rights solely because of his race and ethnic background of being an Egyptian male" (id. at 17) and that "Riverside County Sheriff Bailiff Deputies" referred to him using derogatory racial language (id. at 34).  Finally, the Petition generally references other discriminatory treatment.  (See id. at 35 ("[T]heir arrests were effected for the sole purpose of obstructing justice, aiding, abetting, and perpetuating customs, and usages having deep historical; and psychological roots in the mores and attitudes which exist within Riverside, California with respect to serving and seating members of the African-American race in such places of public accommodation and convenience upon a racially discriminatory basis and upon terms and conditions not imposed upon members of the so-called white or Caucasian race.").

To establish this Court's jurisdiction in this matter, the Petition first cites 15 U.S.C. § 1692k(d), 28 U.S.C. § 1446(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.  (Docket Entry 1 at 9.)  The Petition elsewhere requests that this Court "exercise exclusive

3

jurisdiction" and maintains that

> Article III court[s have] the express authority to hear and adjudicate any questions arising under the Constitution, Laws, and Treaties of the United States, including but not limited to the Bill of Rights, the Ninth Amendment, the Eleventh Amendment, the original Thirteenth Amendment, the Fourteenth Amendment, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights[.]

(Id. at 8-9.) The Petition also suggests that grounds for removal exist under 28 U.S.C. § 1443(1), which applies "when a state court litigant 'is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof.'" (Docket Entry 1 at 9-10 (emphasis omitted).) Further, the Petition insists that this matter differs from the "nonremovable actions" specified at 28 U.S.C. § 1445. (Docket Entry 1 at 12.) Finally, the Petition invokes this Court's jurisdiction via 28 U.S.C. §§ 1332, 1343(a)(3), 1441, and 1446, as well as 18 U.S.C. § 1514. (Docket Entry 1 at 26-27.)

## DISCUSSION

### I. Relevant Legal Standards

When a defendant in a state criminal case files a notice of removal in a United States District Court, that court "shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not

4

be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

"'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Owen Equip. and Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). Moreover, federal law severely limits the circumstances under which a litigant may remove a case from state court to federal court. See 28 U.S.C. §§ 1441-1455; see also Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction."). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey, 29 F.3d at 151.

Three federal statutes provide for removal of state criminal prosecutions: 28 U.S.C. §§ 1442, 1442a, and 1443. See 28 U.S.C. §§ 1441-1455; accord, e.g., Iowa v. Johnson, 976 F. Supp. 812, 816 (N.D. Iowa 1997) ("If this state criminal prosecution is removable to federal district court, it must be on the basis of one of three federal statutes, 28 U.S.C. § 1442, 28 U.S.C. § 1442a, or 28 U.S.C. § 1443."). Section 1442 applies to state criminal prosecutions of federal officers and agents. See North Carolina v. Carr, 386 F.2d 129, 131 (4th Cir. 1967) (observing that "purpose of [28 U.S.C.

5

§ 1442] is to take from the State courts the indefeasible power to hold <u>an officer or agent of the United States</u> criminally or civilly liable for an act allegedly performed in the execution of any of the powers or responsibilities of the Federal sovereign" (emphasis added)).  Similarly, Section 1442a empowers members of the armed forces to seek removal under certain circumstances.  <u>See</u> <u>Florida v. Simanonok</u>, 850 F.2d 1429, 1430 n.1 (11th Cir. 1988) ("Clearly, the party seeking removal [under 28 U.S.C. § 1442a] must also be a <u>member of the armed forces</u>." (emphasis added)).  Section 1443 authorizes removal of state criminal prosecutions in two situations: when a state has initiated such proceedings

> (1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; [or]
> (2) [f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

"Section 1443(2) consists of two distinct clauses." <u>Virginia v. Ayem El</u>, No. 3:15cv718, 2016 WL 3746376, at *4 (E.D. Va. July 12, 2016).  Under the first "color of authority" clause, removal remains "available only to federal officers and to persons assisting such officers." <u>City of Greenwood v. Peacock</u>, 384 U.S. 808, 815 (1966).  Only state officers may remove under the second "refusal" clause.  <u>Id.</u> at 824 n.22.

6

In contrast, a wider class of defendants may remove under Section 1443(1). However, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." Georgia v. Rachel, 384 U.S. 780, 792 (1966). Moreover, "the denial [must] be manifest in a formal expression of state law." Id. at 803. In other words, "the vindication of . . . federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." Peacock, 384 U.S. at 828; see also South Carolina v. Grace, 234 F. App'x 103, 104 (4th Cir. 2007) ("Removal is limited to rare situations in which a defendant has been denied or cannot enforce the right to racial equality in the state courts."). As a result:

> [I]t is *not* enough to support removal under [Section] 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.

Peacock, 384 U.S. at 827. Nor may a removal petition rely solely on "broad contentions under generally applicable constitutional rights." Crawford v. State of Md., No. 92-2190, 4 F.3d 984

7

Case 1:20-cv-01143-CCE-LPA   Document 14   Filed 12/28/20   Page 7 of 10

(table), 1993 WL 375649, at *1 (4th Cir. Sept. 24, 1993) (unpublished).

## II. Analysis

Abdel-Malak has not carried his burden to establish federal jurisdiction in this matter. Despite the Petition's scattershot references to several federal statutes, only one, Section 1443, pertains to the jurisdictional inquiry under the circumstances here.[1] For the following reasons, Abdel-Malak has failed to satisfy the conditions of Section 1443.

Turning first to Section 1443(2), the Petition bears no indication that Abdel-Malak's state charges relate in any way to his service as or his assistance of a federal officer, as required by the first clause, see Peacock, 384 U.S. at 815. (See Docket Entry 1 at 1–59.) Nor does the Petition allege that Abdel-Malak acted as a state officer, as required by the second clause, see Peacock, 384 at 824 n.22. (See Docket Entry 1 at 1–59.) Accordingly, Section 1443(2) provides no basis for removal.

As concerns Section 1443(1), although the Petition suggests that Abdel-Malak has experienced unconstitutional treatment on

---

[1] The Petition mentions neither 28 U.S.C. Section 1442 nor 28 U.S.C. Section 1442a. (See Docket Entry 1 at 1–59.) Those statutes do not apply under the circumstances, as the Petition nowhere alleges that Abdel-Malak acted as a federal officer or that he served as a member of the armed forces. See Carr, 386 F.2d at 131; Simanonok, 850 F.2d at 1430 n.1

8

account of his race, alleged violations of "generally applicable constitutional rights" fall short, Crawford, 1993 WL 375649, at *1. Even "prosecut[ion] on baseless charges solely because of [one's] race" fails to establish entitlement to removal. See Peacock, 384 U.S. at 828–29 (discussing remedies other than removal). In any event, the Petition fails to show that the alleged racial discrimination against Abdel-Malak gave rise to the charges against him. (See Docket Entry 1 at 23 (describing charges as "Contempt of Court" and "Trespass" but providing no other information about basis (or lack thereof) for such charges).)

Additionally, the Petition reveals other shortcomings. For example, it alleges no denial of Abdel-Malak's rights "in a formal expression of state law," Rachel, 384 U.S. at 803. Furthermore, the Petition fails to show that Abdel-Malak lacks the ability to enforce his right to racial equality in state court. See Grace, 234 F. App'x at 104. In light of the foregoing, "it clearly appears on the face of the notice and [the] exhibits thereto that removal should not be permitted," 28 U.S.C. § 1455(b)(4), and therefore, the Court "shall make an order for summary remand," id.

Indeed, the insufficiency of the Petition rises to such a level that it qualifies as frivolous. See generally Neitzke v. Williams, 490 U.S. 319, 325 (1989) (defining "frivolous" as "lack[ing] an arguable basis either in law or in fact"). In particular, Section 1443 plainly contemplates removal "to the

district court of the United States for the district and division embracing the place wherein [the state criminal prosecution] is pending." 28 U.S.C. § 1443. The Petition references no such prosecution pending within the geographical limits of the Middle District of North Carolina. (See Docket Entry 1 at 1-59.) Under the circumstances, the Court should advise Abdel-Malak that future frivolous filings may result in sanctions.

## CONCLUSION

"[I]t clearly appears on the face of the [Petition] and any exhibits annexed thereto that removal should not be permitted [and thus] the [C]ourt shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

**IT IS THEREFORE ORDERED** that the IFP Motion (Docket Entry 2) is granted for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1455(b)(4), this case be remanded to the Superior Court of California, San Diego County, California, the Application (Docket Entry 6) be denied as moot, and Abdel-Malak be warned that further frivolous filings shall result in sanctions, including a pre-filing injunction.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

December 28, 2020